# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BLUEFIELD

**MARK LYNN JEFFREY,**

    **Petitioner,**

v.                                             Case No. 1:17-cv-03021

**DONNIE AMES, Superintendent,**
**Mount Olive Correctional Complex,**[1]

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is the respondent's Motion to Dismiss Petition or for Alternative Relief Due to Petitioner's Failure to Exhaust State Remedies (ECF No. 10).

## PROCEDURAL HISTORY OF PETITIONER'S CASE

On November 3, 2011, the petitioner was found guilty by a jury in the Circuit Court of Mercer County of two counts of Purchasing a Child (Counts One and Two); three counts of Sexual Abuse in the First Degree (Counts Three, Five, and Seven); four counts of Sexual Abuse by a Custodian (Counts Four, Six, Eight, and Ten); and one count of Sexual Assault

---

[1] The proper respondent in a habeas corpus proceeding is the petitioner's current custodian. The current Superintendent at the Mount Olive Correctional Complex is Donnie Ames. Accordingly, the Clerk is directed to modify the style of the case, including the short style at the top of the docket sheet to reflect that Donnie Ames is substituted as the respondent herein.

in the First Degree (Count Nine).  (*State v. Mark Lynn Jeffrey*, Case No. 10-F-91-DS).[2]  On January 23, 2012, the petitioner was sentenced to serve 1-5 years in prison on Counts One, Two, Three, Five, and Seven; 10-20 years on Counts Four, Six, Eight, and Ten; and 25-100 years on Count Nine (because the alleged victim was younger than 12 years of age).  (ECF No. 10, Ex. 2 at 3).  These sentences were to run consecutively. (*Id.*)  However, the Circuit Court further suspended the sentences on Counts Six, Eight, Nine, and Ten, and ordered that, once the petitioner had discharged the sentences on Counts One, Two, Three, Four, Five, and Seven, he be placed on probation for a period of 5 years.  (*Id.*)  Thus, as noted in the respondent's Memorandum of Law, the petitioner's effective term of imprisonment was 15-45 years.

The petitioner's judgment was affirmed by the Supreme Court of Appeals of West Virginia (the "SCAWV") on June 24, 2013.  *State v. Mark Lynn J.*, Case No. 12-0272, 2013 WL 3185087 (W. Va. June 24, 2013).  (ECF No. 10, Ex. 5).  The petitioner's appeal raised claims of trial court error that were addressed only as matters of state evidentiary law.  There was no allegation that the trial court's actions violated the petitioner's federal constitutional rights.  (*Id.*)

The petitioner then filed a *pro se* Petition for a Writ of Habeas Corpus in the Circuit Court of Mercer County on October 25, 2013 (Case No. 13-C-431-DS).  (ECF No. 10, Ex. 6).  The *pro se* petition raised four grounds for relief:  (1) ineffective assistance of counsel for failure to investigate and present evidence of the petitioner's actual innocence; (2) excessive sentence; (3) prosecutorial misconduct based upon improper comments in closing argument; and (4) improper jury instruction.  (*Id.*)

---

[2] This was the petitioner's second trial on these charges.  His first jury trial resulted in a mistrial.  (ECF No. 10, Ex. 9 at 1.)

Attorney Paul R. Cassell was appointed to represent the petitioner, and he filed an Amended Petition for a Writ of Habeas Corpus on October 17, 2014. (*Id.*, Ex. 8). The Amended Petition raised the following grounds for relief:

> A. Petitioner's federal and state constitutional rights were violated by the ineffective assistance of his trial counsel.
>
>> 1. Trial counsel was ineffective with regard to failing to seek a severance of the charges.
>>
>> 2. Trial counsel was ineffective with regard to *voir dire*.
>>
>> 3. Trial counsel was ineffective in addressing the testimony of Phyllis Hasty.
>>
>> 4. Trial counsel was ineffective with respect to the use and attempted admission of Defendant's Exhibits 1 and 2.
>>
>> 5. Trial counsel was ineffective in permitting irrelevant or inadmissible evidence.
>>
>> 6. Trial counsel was ineffective with regard to pretrial publicity.
>>
>> 7. Trial counsel conducted an inadequate investigation.
>>
>> 8. Trial counsel was ineffective in needlessly and prejudicially referencing the previous trial.
>>
>> 9. Trial counsel needless[ly] opened the door to recitation of the otherwise inadmissible forensic interview of A.P.
>>
>> 10. Trial counsel was ineffective with regard to improper comments by the prosecutor.
>
> B. Petitioner's federal and state constitutional rights were violated by his disproportionate sentence.
>
> C. Petitioner's federal and state constitutional rights were violated by the cumulative effect of the errors during the course of his representation at trial level.

(*Id.*) The Amended Petition also asserted "all additional grounds raised in [the petitioner's] *Losh* checklist[3] and prior pleadings filed herewith." (*Id.* at 6, Ground D).

The Circuit Court held an omnibus evidentiary hearing on December 17, 2014.[4] On September 23, 2015, the Circuit Court denied the petitioner's Amended Petition in a detailed 126-page Order, which included analysis of the petitioner's grounds asserted pursuant to the *Losh* checklist. (*Id.*, Ex. 11).

The denial of the petitioner's circuit court habeas corpus petition was affirmed by the SCAWV, *see Mark Lynn J. v. Ballard*, No. 15-1034, 2017 WL 700852 (W. Va. Feb. 21, 2017). (*Id.*, Ex. 14). The habeas appeal addressed only the petitioner's claims of ineffective assistance of counsel, disproportionate sentence, and cumulative error, which asserted violations of both the petitioner's federal and state constitutional rights.

On May 24, 2017, the petitioner filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, which raises the following grounds for relief:

1. Petitioner's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution were violated when the court improperly admitted 404(b) evidence.

   (a) It was improper to allow C.R. to testify as a 404(b) witness and violated the petitioner's due process rights.

   (b) It was improper to allow a play therapist to bolster the testimony of 404(b) witness C.R. when she was not named as a victim in the indictment.

2. Petitioner's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution were violated when the court improperly admitted hearsay evidence by the play therapist, Phyllis Hasty.

---

[3] *See Losh v. McKenzie*, 277 S.E.2d 606 (W. Va. 1981), in which the SCAWV held that an omnibus hearing under W. Va. Code § 53-4A-1 is *res judicata* as to all matters raised therein, or those claims which should have, with reasonable diligence, been known to the petitioner. The failure to raise claims under those circumstances may constitute a knowing and intelligent waiver of such claims and bar them from consideration in future proceedings.
[4] The transcript of this hearing is not presently part of the record before this court.

4

3. Petitioner's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution were violated when the court allowed the State to read excessive, non-relative portions of the victim's forensic review to impeach/rebut the petitioner's testimony.

4. Petitioner's due process rights under the Sixth and Fourteenth Amendments to the United States Constitution were violated due to the prosecutor's prejudicial and inflammatory statement to the jury in closing arguments.

5. Petitioner's due process rights under the Sixth and Fourteenth Amendments to the United States Constitution were violated when his attorney provided ineffective assistance of counsel.

   (a) Trial counsel was ineffective in failing to seek severance of charges.

   (b) Trial counsel was ineffective with regard to *voir dire*.

   (c) Trial counsel was ineffective in addressing the testimony of play therapist Phyllis Hasty.

   (d) Trial counsel was ineffective with regards to exhibits demonstrating the ongoing custody issues (Defs. Exs. 1 and 2).

   (e) Trial counsel was ineffective in permitting irrelevant or inadmissible evidence before the jury.

6. Petitioner's due process rights under the Sixth and Fourteenth Amendments to the United States Constitution were violated by the cumulative effect of the errors during the course of his representation at trial level.

(ECF No. 1).

On March 29, 2018, the respondent, by counsel, filed the instant Motion to Dismiss or for Alternative Relief Due to Petitioner's Failure to Exhaust State Remedies, with numerous exhibits (ECF No. 10) and a Memorandum of Law in support thereof (ECF No. 11). In these documents, the respondent asserts that the petitioner has failed to exhaust the available state court remedies concerning all of his claims except for his Sixth

Amendment claims of ineffective assistance of counsel contained in Ground Five. Accordingly, the respondent requests that this district court: (1) dismiss the section 2254 petition, without prejudice; (2) stay these proceedings to allow the petitioner to return to the state courts to attempt to exhaust such remedies concerning his unexhausted claims; or (3) permit the petitioner to proceed only on the exhausted claims contained in his petition.

On May 21, 2018, the petitioner filed a Response to the respondent's motion (ECF No. 13), in which he requests that the court sever his claims and allow him to proceed only on Grounds Five and Six. However, the parties dispute whether the petitioner properly exhausted his claims that his counsel's conduct violated his due process rights under the Fourteenth Amendment (in addition to his Sixth Amendment claims, which are exhausted), and whether his claim of cumulative error contained in Ground Six was raised as a violation of federal constitutional law in the state courts. The respondent did not file a reply brief. This matter is ripe for adjudication.

## APPLICABLE STATUTES AND CASE LAW

On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"). The AEDPA provides, in part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;

>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) further provides:

>     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Furthermore, section 2254 of Title 28 provides, in pertinent part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
>
>     (A) the applicant has exhausted the remedies available in the courts of the State . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)(A), (c).

The petitioner bears the burden of proving exhaustion. *See Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Where a petitioner has failed to exhaust his state court remedies, generally, the federal petition should be dismissed. *McDaniel v. Holland*, 631 F. Supp. 1544, 1545 (S.D. W. Va. 1986)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973)).

In West Virginia, prisoners may exhaust their available state court remedies either by stating cognizable federal constitutional claims in a direct appeal, or by stating such claims in a petition for a writ of habeas corpus in a state circuit court pursuant to West

7

Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling in the SCAWV. *Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D. W. Va. 1995); *McDaniel v. Holland*, 631 F. Supp. at 1545. A prisoner may also exhaust the state court remedies by filing a petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV. However, an original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the prisoner's state court remedies. *See Moore*, 879 F. Supp. at 593; *McDaniel,* 631 F. Supp. at 1546; *see also, Meadows v. Legursky*, 904 F.2d 903, 908-909 (4th Cir. 1990) (*abrogated on other grounds, Trest v. Cain*, 522 U.S. 87 (1997)).

## **ANALYSIS**

As noted in 28 U.S.C. §§ 2244(b)(2) and (3), a petitioner may only file one section 2254 petition concerning a particular conviction, and any claims raised in a second or successive petition, absent one of the enumerated exceptions and authorization by the appellate court to file a second or successive petition, must be dismissed. 28 U.S.C. §§ 2244(b)(2) and (3). Additionally, as noted above, there is a one-year statute of limitations for filing a section 2254 petition. The parties agree that the statute of limitations under section 2255(f)(1) had not run at the time that the petitioner filed his section 2254 petition, but that it has now expired and, thus, a complete dismissal of his petition would render any renewed or subsequent petition untimely.

The United State Supreme Court addressed the issue of staying section 2254 proceedings in *Rhines v. Weber*, 544 U.S. 269, 277 (2005). The Court granted certiorari to resolve a circuit split and held that a district court has discretion to stay a petition to allow a petitioner to present his unexhausted claims to the state court, but only in limited circumstances. The Court ruled that "stay and abeyance is only appropriate when the

8

district court determines that there is good cause for the petitioner's failure to exhaust his claims first in state court." *Id.*

The respondent's motion documents herein indicate that he does not oppose a stay and abeyance to enable the petitioner to attempt to exhaust his state court remedies concerning any unexhausted claims. However, the petitioner's Response to the motion indicates that he is willing to sever his claims and proceed only on Grounds Five and Six of his petition, which he believes to be fully exhausted. Before proposing a ruling on the efficacy of a stay or the severance of claims herein, the undersigned will address the exhaustion status of each of the petitioner's claims for relief.

### A. Grounds One through Four are unexhausted.

A review of the record herein demonstrates that the claims asserted in Grounds One through Four of the petitioner's section 2254 petition were raised and addressed in the state courts only as violations of state evidentiary law and the petitioner did not specifically assert violations of any federal constitutional rights concerning such issues therein. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Grounds One through Four of the petitioner's section 2254 petition, which are now pled as violations of his Fifth and Fourteenth Amendment due process rights, are unexhausted.

### B. The petitioner's Sixth Amendment claims in Ground Five are exhausted; however, his due process claims are not exhausted.

Additionally, a review of the plaintiff's claims of ineffective assistance of counsel raised in his state habeas corpus proceedings demonstrates that such claims were raised and addressed only as violations of the petitioner's Sixth Amendment right to the assistance of effective counsel, using the standard set forth in *Strickland v. Washington*,

9

466 U.S. 668 (1984). The parties' state court filings and the opinions of the state courts do not address these claims under the due process clauses of either the Fifth or Fourteenth Amendments. The petitioner's Response to the Motion to Dismiss appears to assert that the petitioner previously raised violations of his Fifth Amendment rights and that such action should automatically result in consideration of the claim under the Fourteenth Amendment as well. (ECF No. 13 at 6-7). The petitioner's Response further asserts as follows:

> If the representation of counsel is so deficient as to violate the Fifth Amendment Rights of Accused in Criminal Proceedings, then the inadvertent addition of the Fourteenth Amendment, Due Process – Equal Protection is harmless and should not prohibit a *pro se* litigant from proceedings thereon. Both the Fifth and Fourteenth Amendments evoke the same language and prohibit the deprivation of Due Process.
>
> Therefore, an ineffective assistance of counsel claim in a habeas corpus challenge automatically constitutes a violation of Due Process Rights afforded under both the Fifth and Fourteenth Amendments to the United States Constitution. In the event that the Court would find that Petitioner's inadvertent addition of the Fourteenth Amendment constitutes failure to exhaust, Petitioner would request that he be permitted to proceed on the ineffective assistance of counsel claim under the Fifth Amendment only.

(*Id.* at 7).

However, based upon the undersigned's review neither the Fifth nor the Fourteenth Amendment was relied upon by the petitioner in his state court proceedings or addressed by the state courts in any fashion with respect to the petitioner's claims of ineffective assistance of counsel. Rather, such claims were raised and addressed solely under the Sixth Amendment standard and did not in any way invoke a violation of the petitioner's due process rights. Thus, the undersigned proposes that the presiding District Judge **FIND** that the petitioner's due process claims contained in Ground Five of

his section 2254 petition are unexhausted. However, the Sixth Amendment claims contained therein were properly exhausted through his state habeas corpus proceedings.[5]

### C. The petitioner's cumulative error claim in Ground Six is exhausted.

Finally, a review of the record demonstrates that the petitioner's claim of cumulative error was raised and addressed in the state courts as a violation of both his federal and state constitutional rights. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Ground Six of the petitioner's section 2254 petition is exhausted.

### D. The presiding District Judge should sever the exhausted claims in Grounds Five and Six and permit additional proceedings thereon, while dismissing the remaining unexhausted claims.

In accordance with the petitioner's request made in his Response to the Motion to Dismiss (ECF No. 13 at 2, 9), the undersigned proposes that the presiding District Judge sever the petitioner's Sixth Amendment claims of ineffective assistance of counsel contained in Ground Five and his claim of cumulative error contained in Ground Six and allow additional briefing and proceedings concerning the merits of those claims. Additionally, the unexhausted claims contained in Grounds One through Four, and the unexhausted due process claims contained in Ground Five, which the plaintiff has affirmatively stated he will abandon, should be dismissed, with the understanding that such claims will be forever barred from further consideration under section 2254, unless the petitioner can demonstrate that he meets the criteria under 28 U.S.C. § 2244 for filing a timely second or successive petition.

---

[5] The undersigned believes that this may be a distinction without consequence as, under the Sixth Amendment analysis, the petitioner must demonstrate prejudice consisting of a reasonable probability that, based upon the alleged errors of his counsel, the outcome of the proceedings would have been different, which essentially amounts to a finding of unfairness equivalent to a violation of due process of law.

**RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **SEVER** the exhausted Sixth Amendment claims of ineffective assistance of counsel in Ground Five and the cumulative error claim in Ground Six from the unexhausted claims in Grounds One through Four and the unexhausted due process claims in Ground Five. It is further respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the respondent's Motion to Dismiss (ECF No. 10-1) with respect to Grounds One through Four, and the due process claims contained in Ground Five of the petitioner's section 2254 petition, but **DENY** the same with respect to the Sixth Amendment claims of ineffective assistance of counsel in Ground Five and the cumulative error claim in Ground Six. It is further respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** the respondent's Motion for Alternative Relief seeking a stay of these proceedings (ECF No. 10-2).

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy to the petitioner, and to transmit a copy to counsel of record.

December 10, 2018

Dwane L. Tinsley
United States Magistrate Judge

13