IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

MARK LYNN JEFFREY,

    Plaintiff,

v.  CIVIL ACTION NO. 1:17-03021

DONNIE AMES, Superintendent,
MOUNT OLIVE COORECTIONAL COMPLEX,

    Defendant.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Tinsley submitted to the court his Findings and Recommendation ("PF&R") on December 10, 2018, in which he recommended that the district court sever the exhausted Sixth Amendment claims of ineffective assistance of counsel in Ground Five and the cumulative error claims in Ground Six from the unexhausted claims in Grounds One through Four and the unexhausted due process claims in Ground Five; grant the defendant's Motion to Dismiss with respect to Grounds One through Four, and the due process claims contained in Ground Five of the plaintiff's section 2254 petition; deny the defendant's Motion to Dismiss with respect to the Sixth Amendment claims of ineffective assistance of counsel in Ground

Five and the cumulative error claim in Ground Six; and deny as moot the defendant's Motion for Alternative Relief seeking a stay of these proceedings. (ECF No. 15).

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Tinsley's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

The parties failed to file any objections to the Magistrate Judge's Findings and Recommendation within the seventeen-day period. Having reviewed the Findings and Recommendation filed by Magistrate Judge Tinsley, the court adopts the findings and recommendations contained therein. Accordingly, the court hereby **SEVERS** the exhausted Sixth Amendment claims of ineffective assistance of counsel in Ground Five and the cumulative error claim in Ground Six from the unexhausted claims in Grounds One through Four and the unexhausted due process claims in Ground Five; **GRANTS** the defendant's Motion to Dismiss (ECF No. 10-1) with respect to Grounds One through Four, and the due process claims contained in Ground Five of the plaintiff's section 2254 petition; **DENIES**

the defendant's Motion to Dismiss (ECF No. 10-1) with respect to the Sixth Amendment claims of ineffective assistance of counsel in Ground Five and the cumulative error claim in Ground Six; and **DENIES as moot** the defendant's Motion for Alternative Relief seeking a stay of these proceedings (ECF No. 10-2).

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff and counsel of record.

**IT IS SO ORDERED** this 21st day of March, 2019.

**ENTER:**

David A. Faber
Senior United States District Judge