IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

MARK LYNN JEFFREY,

    Petitioner,

v.                                       CIVIL ACTION NO. 1:17-03021

DONNIE AMES, Superintendent,
Mt. Olive Correctional Complex,

    Respondent.

## MEMORANDUM OPINION AND ORDER

On September 25, 2020, the court denied petitioner Jefferey's petition for writ of habeas corpus under 28 U.S.C. § 2254 and dismissed this action. That same day, the court denied a certificate of appealability. See Rule 11(a) of the Rules Governing § 2254 Cases in the United States District Courts.

On October 20, 2020, a "Request for Certificate of Appealability" was docketed in this closed case. See ECF No. 36. Because Rule 11 provides that if "the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22,"[*] the court directed the Clerk to forward

---

[*] According to Federal Rule of Appellate Procedure 22(b)(1): "In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, . . . the applicant cannot take an appeal unless a circuit justice or a circuit or district court issues a certificate of appealability under 28

Jefferey's request to the United States Court of Appeals for the Fourth Circuit. The Clerk advised the court that it was unable to do so because Jefferey's request was not directed to the appeals court.

Accordingly, to the extent that Jefferey asks this court to issue a certificate of appealability, his motion is **DENIED** for the reasons laid out when the court refused to issue a certificate in the first instance. See ECF No. 33.

However, whatever label he affixes to his filing, it is clear that Jefferey wishes to appeal this court's order denying him relief. And, as he himself acknowledges, he must obtain a certificate of appealability to do so. See 28 U.S.C. § 2253(c). And this court has already decided that a certificate of appealability should not issue. Therefore, he should seek a certificate from the Fourth Circuit. For that reason, the Clerk is directed to construe Jefferey's filing as a notice of appeal

---

U.S.C. § 2253(c). If an applicant files a notice of appeal, the district clerk must send to the court of appeals the certificate (if any) and the statement described in Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2254 or § 2255 (if any), along with the notice of appeal and the file of the district-court proceedings. If the district judge has denied the certificate, the applicant may request a circuit judge to issue it."

2

and/or request for a certificate of appealability and transmit it to the appeals court.

The Clerk is further directed to forward a copy of this Order to counsel of record and unrepresented parties.

**IT IS SO ORDERED** this 29th day of October, 2020.

ENTER:

David A. Faber
Senior United States District Judge